BEAUFORD v LEWIS

Docket No. 262597. Submitted December 13, 2005, at Detroit. Decided
    December 20, 2005, at 9:10 a.m.

    Delphine C. Beauford, individually and as next friend of her minor
    daughter, brought a tort action in the Wayne Circuit Court against
    police officer Gerrod A. Lewis and others, including social worker
    April Shakoor and sexual assault examination expert Ann Church.
    The plaintiff sought damages in this case after she regained
    custody of her daughter when the family division of the court
    dismissed an earlier proceeding to terminate her parental rights.
    The court, Pamela R. Harwood, J., granted summary disposition
    for Church. The court, Susan D. Borman, J., subsequently granted
    summary disposition for the remaining defendants. The plaintiff
    appealed the dismissals of Shakoor and Church.

    The Court of Appeals *held*:

    1. While the plaintiff contends that Church failed to acquire
proper consent for the sexual assault examination of the plaintiff's
daughter, both Child Protective Services and the child's foster
mother consented. The plaintiff failed to present authority to
support her position on this issue and her negligence claim against
Church, which claims need not be addressed on appeal.

    2. The trial court properly granted summary disposition for
Shakoor, who was entitled as a social worker to absolute immunity
from civil litigation arising out of her work as an advisor and agent
of the family division of the court in connection with a child
protective proceeding such as the parental rights termination
proceeding. Contrary to the plaintiff's assertion, the family divi-
sion's necessary close oversight of the social worker's placement
recommendations occurred through that court's review of Shak-
oor's investigation, findings, and recommendations at proceedings
in which the plaintiff was able to contest the recommendations.
The family division was not required to address the "course and
conduct" of Shakoor's investigation. Because Shakoor is entitled
to absolute immunity, it is unnecessary to address the plaintiff's
other arguments relating to her claims against Shakoor.

    Affirmed.

Social Services — Social Workers — Immunity — Child Protective Proceedings.

A social worker is granted absolute immunity from civil litigation arising out of his or her work as an advisor and agent of the family division of the circuit court in a child protective proceeding such as a proceeding for termination of parental rights; the court's close oversight of the social worker in such a proceeding may occur through the court's review of the social worker's investigation, findings, and recommendations at proceedings in which the parent is able to contest the recommendations, and the court is not required to address the course and conduct of the social worker's investigation.

*Theophilus E. Clemons* for Delphine C. Beauford.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Mark V. Schoen*, Assistant Attorney General, for April Shakoor.

*Willmarth, Ramar & Paradiso, P.C.* (by *Mark D. Willmarth*), for Ann Church.

Before: WHITBECK, C.J., and TALBOT and MURRAY, JJ.

PER CURIAM. Plaintiff appeals as of right a final order granting summary disposition in favor of defendants in this tort action. We affirm.

The instant action arose out of parental rights termination proceedings brought against plaintiff. Plaintiff, along with her three-year-old daughter, arrived at the emergency room of Henry Ford Hospital in Detroit on March 7, 2001. She claimed that her husband, upon suffering a mental breakdown, had trapped her and her daughter in their apartment for three days and had physically assaulted them during this time. Plaintiff also indicated that her daughter had possibly experienced sexual abuse during this time. The attending physician examined plaintiff's daughter and recommended a follow-up examination with a sexual abuse

examination expert. Plaintiff's daughter was released into the custody of Child Protective Services.

The next day, the Wayne Circuit Court, Family Division, ordered that plaintiff's daughter be placed in foster care. Child Protective Services, and the girl's foster mother, consented to a March 15, 2001, follow-up examination performed by sexual assault examination expert Dr. Ann Church.

Child Protective Services assigned April Shakoor to oversee the girl's case and to investigate the claims that plaintiff's daughter had experienced physical and sexual abuse. Shakoor's investigation and subsequent recommendation that plaintiff's parental rights be permanently terminated led to 15 months of custody proceedings before the family division, at which point plaintiff regained custody of her daughter. After regaining custody of her daughter, plaintiff brought a series of damages claims against defendants, which the Wayne Circuit Court dismissed.

This Court reviews de novo a trial court's grant of a motion for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003); *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Plaintiff first appeals the trial court's grant of summary disposition in favor of defendant Church. Plaintiff contends that Dr. Church failed to acquire proper consent before performing a sexual assault examination on plaintiff's three-year-old daughter because Church did not ask plaintiff for permission, nor did she perform the examination pursuant to a court order. Yet plaintiff's daughter was in foster care at the time, and both Child Protective Services and the girl's foster mother consented to the examination. Plaintiff provides no legal support for her contention that neither the foster

mother nor Child Protective Services had the authority to consent to the examination.

> "[I]t is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." [*LME v ARS*, 261 Mich App 273, 286-287; 680 NW2d 902 (2004), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).]

Because plaintiff has not presented any authority to support her position, we need not address the issue further. *Byrne v Schneider's Iron & Metal, Inc*, 190 Mich App 176, 183; 475 NW2d 854 (1991). For the same reasons, we will not address plaintiff's negligence claim against Dr. Church, as plaintiff also provides no legal authority to support this claim.

Plaintiff next alleges that the trial court incorrectly granted Shakoor's motion for summary disposition, asserting that the trial court erred in applying *Martin v Children's Aid Society*, 215 Mich App 88; 544 NW2d 651 (1996), to find that Shakoor was entitled to absolute immunity. Plaintiff contends that, in *Martin*, this Court did not grant social workers "blanket absolute immunity."

To support this contention, plaintiff refers to language in *Martin* in which this Court stated that its decision "is limited to the facts of this case, in which the close oversight of the social worker's placement recommendations by the probate court is especially noteworthy." *Martin, supra* at 96 n 5. She then alleges that "there is no evidence that the investigation conducted by Shakoor was in any way ordered by the court or closely monitored by the court," and rationalizes that, as a result, Shakoor is not entitled to immunity.

Plaintiff explains why she concludes that sufficient court oversight did not occur:

> The transcript reveals that at none of the numerous hearings was the conduct of the investigation ever even addressed; Shakoors [sic] counsel cannot point to any text of the juvenile court transcripts (which the trial judge here had ordered for her review) where there was any discussion regarding the course and conduct of Shakoors [sic] investigation.

Close oversight, plaintiff appears to contend, would require the family division to have closely monitored, of its own accord, Shakoor's conduct during the investigation, and to oversee every discrete act of the social worker.

Yet that is not what this Court meant when it said that social worker absolute immunity only applied to situations "in which the close oversight of the social worker's placement recommendations by the probate court is especially noteworthy." *Id.* In *Martin*, this Court explained the reasons for granting absolute immunity to social workers:

> These precedents recognize the important role that social workers play in court proceedings to determine when to remove a child from the home and how long to maintain the child in foster care. They also recognize that, to do that difficult job effectively, social workers must be allowed to act without fear of intimidating or harassing lawsuits by dissatisfied or angry parents. [*Id.* at 96.]

This Court also explained:

> "Professional assistance to the Probate Court is critical to its ability to make informed, life[-]deciding judgments relating to its continuing jurisdiction over abused children. Its advisors and agents cannot be subject to potential suits by persons, aggrieved by the Court's decision[,] vindictively seeking revenge against the Court's assistant as surrogates

for the jurist. Faced with such liability, the social worker would naturally tend to act cautiously and refrain from making difficult decisions, delay in intervening to protect the child, avoid confronting the aggressive parent with the necessity of changing his attitudes and seeking psychiatric help to do so. Such an atmosphere defeats the function of the continuing jurisdiction of the Probate Court in the abstract, and in reality poses the potential for death for an abused child who is not protected because the social worker exercised excessive caution in arriving at a judgment as to whether there is sufficient evidence of abuse to merit action on his or her part." [*Id.* at 97-98, quoting the defendants' brief.]

Social workers are granted absolute immunity from civil litigation arising out of their work as "advisors and agents" of the probate court (now to the family division of circuit court) because that court provides parents and other interested parties with a sufficient remedy for any wrongful action by a social worker. *Id.* This Court stated, as a policy behind this rule, that without the threat of civil litigation, social workers have more freedom to honestly assess a particular situation, while the court still provides parents with a forum in which to contest these assessments and recommendations. *Id.* at 98-99.

In *Martin,* the probate court placed a young girl in foster care and kept her there for several years on the basis of recommendations by the defendant social agencies that she be removed from her parents' care. After years of court proceedings, the girl's parents regained custody and then filed a lawsuit for damages arising out of their wrongful separation from their daughter, which they blamed on the defendants' allegedly incorrect recommendations to the probate court. *Id.* at 91-93. Although this Court in *Martin* noted that the probate court had engaged in "close oversight" of the defendants' placement recommendations in that case, *id.* at

96 n 5, "close oversight" did not involve active, close monitoring of the defendants' investigation by the probate court, *id.* at 91-93, which plaintiff in the present case contends is required. There is no indication in *Martin* that the probate court addressed the "course and conduct" of the investigation at any of its hearings or oversaw the discrete acts the defendants performed in the course of their investigation. Instead, when this Court stated in *Martin* that "close oversight" of the social workers' placement recommendations by the probate court had occurred, it was referring to a situation in which the probate court had reviewed the defendant social workers' findings and recommendations, and took action as a result, at proceedings in which the girl's parents were able to contest the recommendations. *Id.* at 91-93, 98.

The facts in the present case are similar in that they also indicate that the court, in the course of overseeing plaintiff's parental rights termination proceedings, reviewed Shakoor's findings and recommendations. Shakoor was assigned by Child Protective Services to investigate the allegations that plaintiff's daughter had been abused. Shakoor's Child Protective Services safety assessment report of March 13, 2001, became the basis for her petition for permanent termination of parental rights filed before the family division and led to 15 months of court proceedings regarding the termination of plaintiff's parental rights. "Close oversight" occurred in this case; as in *Martin*, Shakoor acted as an agent to aid the court in its decision regarding the termination of plaintiff's parental rights, and her investigation and recommendations were subject to review by the family division as part of its proceedings. The court's failure to address the "course and conduct" of Shakoor's investigation is irrelevant. Consequently, we conclude that Shakoor is entitled to social worker absolute immunity.

With that determination, we need not address plaintiff's other arguments relating to the claims against Shakoor.

Affirmed.