**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0226n.06

**No. 09-1259**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Apr 13, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JENNIFER STEPHENS; URIAN R. STURGIS, SR., | ) | |
| | ) | |
|     Plaintiffs-Appellants, | ) | |
| | ) | |
| Y.S., et al., then minor children, through parents | ) | |
| Urian R. Sturgis, Sr. and Jennifer Stephens, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| KAREN HAYES, Social Worker for the Western | ) | MICHIGAN |
| Wayne Child Protective Service; BERNICE | ) | |
| HARRIS; MICHAEL PATTY, Supervisor for the | ) | |
| Western Wayne Child Protective Service; SARAH | ) | |
| ZACHMANN, Social Worker for the St. Francis | ) | |
| Catholic Social Services; DAVID WOLOCK; | ) | |
| JENNIFER STEVENS, Social Worker for the St. | ) | |
| Francis Catholic Services; KIANA BOGAN, | ) | |
| Individually and as Case Manager of St. Francis | | |
| Catholic Social Services; ST. FRANCIS | | |
| CATHOLIC SOCIAL SERVICES, | | |
| | | |
|     Defendants-Appellees. | | |

---

Before:  SILER and ROGERS, Circuit Judges; BELL, District Judge.[*]

**SILER**, Circuit Judge.  Plaintiffs Jennifer Stephens and Urian R. Sturgis, Sr. (hereinafter

"Plaintiffs")–proceeding pro se and in forma pauperis–appeal the district court's dismissal of their

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

suit in which they asserted several claims arising out of the State of Michigan's termination of their parental rights. We review de novo the district court's orders of dismissal and grants of summary judgment. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 373, 377 (6th Cir. 2009). For the following reasons, we affirm.

As a preliminary matter, several of Plaintiffs' claims are asserted on behalf of their minor children. Because their parental rights were terminated, Plaintiffs lack standing to pursue any claim on behalf of their children. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 17-18 (2004). Plaintiffs, as private citizens, also lack standing to assert a claim regarding the use of federal funds by a private entity. *See Summers v. Earth Island Institute*, 129 S. Ct. 1142, 1149 (2009).

Plaintiffs' initial complaint was dismissed as frivolous under 28 U.S.C. § 1915(e)(2). Plaintiffs' two later filed complaints are equally lacking in an arguable basis in law or in fact; however, the district court failed to dismiss these complaints under the in forma pauperis statute. Instead, it consolidated the two complaints and adjudicated Plaintiffs' claims on motions to dismiss and motions for summary judgment.

Although the district court was ultimately correct in dismissing Plaintiffs' meritless claims, its application of the doctrines of claim preclusion and collateral estoppel is questionable. The dismissal of Plaintiffs' initial complaint under § 1915(e)(2) was not a dismissal on the merits; consequently, it arguably lacks res judicata effect except as to frivolousness determinations for future in forma pauperis petitions. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Claim preclusion and collateral estoppel only arise where the prior decision was a final judgment on the merits. *Schreiber v. Philips Display Components Co.*,

580 F.3d 355, 367 (6th Cir. 2009); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). Similarly, because the state court proceedings resulting in the termination of Plaintiffs' parental rights did not include claims against any of the named defendants in this case or their privies, the state court judgments terminating Plaintiffs' parental rights lack res judicata effect as to Plaintiffs' tort claims. *See Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004).

Nevertheless, many of Plaintiffs' tort claims constitute collateral attacks on the state court judgments terminating Plaintiffs' parental rights and are properly excluded from consideration by the federal courts. Under the principles of comity and deference to state expertise in the field of domestic relations, it has been our consistent policy to refuse to exercise jurisdiction over claims which seek to collaterally attack a state court judgment terminating parental rights. *See Castorr v. Brundage*, 674 F.2d 531, 535-36 (6th Cir. 1982). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). Consequently, we decline to exercise jurisdiction over Plaintiffs' claims in which the tort action is a mere pretense and the suit is actually concerned with child custody issues. *See Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988).

Plaintiffs asserted a number of claims against social workers who played a role in the state's investigation of Plaintiffs' mistreatment of their children and the proceedings that led to the termination of their parental rights. Under Michigan law, "[s]ocial workers are granted absolute immunity from civil litigation arising out of their work as advisors and agents of the probate court (now to the family division of circuit court) because that court provides parents and other interested parties with a sufficient remedy for any wrongful action by a social worker." *Beauford v. Lewis*, 711

N.W.2d 783, 786 (Mich. Ct. App. 2005) (internal quotation marks omitted). Inasmuch as the social workers named as defendants in this case were simply carrying out their work as advisors and agents of the family court, they are entitled to absolute immunity from suit, and Plaintiffs' claims against them must be dismissed.

Pursuant to 42 U.S.C. § 1983, Plaintiffs asserted official capacity claims against a number of state officials. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). Neither a state nor its officials acting in their official capacities are considered "persons" under § 1983. *Id*. Consequently, Plaintiffs' official capacity claims fail to state a claim under the statute. Plaintiffs' remaining § 1983 claims are based on factual allegations that simply fail to make out any cognizable constitutional claims. *See Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) ("[C]onclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under [§] 1983.") (internal quotation marks omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability."). Similarly, Plaintiffs' state-law causes of action are based on conclusory allegations that fail to make out any cognizable claims under Michigan law. *See Twombly*, 550 U.S. at 555; *Beauford*, 711 N.W.2d at 786.

Finally, Plaintiffs' federal copyright claim is frivolous. Copyright protection has never accorded the copyright holder complete control over all possible uses of his work. *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 432 (1984). Under the fair use doctrine, the reproduction and use of excerpts of Sturgis's book during the state court proceedings and the retention of a copy of these excerpts on file at the Michigan Department of Human Services is clearly permissible. *See* 17 U.S.C. § 107.

AFFIRMED.