NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0038n.06

No. 12-5455

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 07, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ISAAC SEFA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| COMMONWEALTH OF KENTUCKY, | ) | THE EASTERN DISTRICT OF |
| CABINET FOR HEALTH & FAMILY | ) | KENTUCKY |
| SERVICES, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. Isaac Sefa, a pro se Kentucky resident, appeals a district court judgment granting the defendant's motion to dismiss. We AFFIRM.

Seeking monetary, declaratory, and injunctive relief, Sefa sued the Kentucky Cabinet for Health and Family Services (the Cabinet). Sefa alleged that the Cabinet kidnapped his niece and nephew in connection with a state-court action for neglect instituted against two of Sefa's sisters. Sefa claimed that the Cabinet violated his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, suing under 42 U.S.C. §§ 1981 and 1983. He also raised claims under several other federal statutes in his complaint.

The district court dismissed Sefa's complaint for failure to state a claim. Sefa appeals, reasserting his claims for monetary and declaratory relief, as well as "seek[ing] [an] injunctive order"

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

directing the Cabinet to release his niece and nephew from state custody and to halt all "spiritual attacks" against his family.

We review de novo a district court's dismissal of a complaint for failure to state a claim. *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012). Sefa's claims against the Cabinet are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). Because Kentucky has not waived its Eleventh Amendment immunity and Congress has not abrogated state sovereign immunity under sections 1981 and 1983 or any other federal statute cited by Sefa, his claims against the Cabinet cannot proceed. *See Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999) (recognizing that section 1981 claims against a state agency are barred by the Eleventh Amendment); *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (recognizing that section 1983 claims against a state agency are barred by the Eleventh Amendment). Moreover, the Cabinet is not a "person" subject to suit under section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

We generally would not affirm the dismissal of a pro se plaintiff's civil-rights complaint based solely on a pleading deficiency (here, Sefa's naming of a state agency as the defendant instead of an appropriate state official who can be sued under the civil-rights statutes) that is curable by amendment. *See Brown v. Matauszak*, 415 F. App'x 608, 615–16 (6th Cir. 2011) (remanding case for district court to provide pro se plaintiff, alleging a civil-rights claim under section 1983, with opportunity for leave to amend to cure pleading deficiencies where plaintiff stated "non-frivolous" and "perhaps even meritorious" claim). The district court, however, did not dismiss Sefa's complaint on the sole basis of Eleventh Amendment immunity but addressed whether Sefa's claims were plausible. We conclude that Sefa's complaint would be subject to dismissal even if he substituted a proper defendant for the Cabinet. First, to the extent Sefa seeks a declaration that the

state's child-custody determination was unlawful, an injunction for the minor children's release, and monetary damages arising from the child-custody decision, these claims "constitute collateral attacks on the state court judgments terminating [his sisters]' parental rights and [were] properly excluded from consideration by the [district] court[]." *Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010); *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

Second, Sefa lacks standing to assert claims on behalf of the minor children, as he does not establish that he has parental rights over them, *see Stephens*, 374 F. App'x at 622 (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 17–18 (2004)), or on behalf of his sisters, since a plaintiff generally cannot rest his claims on the legal rights or interests of third parties and Sefa does not establish that his sisters cannot vindicate their own interests, *see Norton v. Ashcroft*, 298 F.3d 547, 555 (6th Cir. 2002). Third, to the extent Sefa seeks an order directing the Cabinet (or any properly substituted state official) to halt spiritual attacks against his family, he fails to allege any plausible facts to suggest that the state agency or any state official is responsible for such attacks. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor has Sefa established how a federal court has the capacity to redress such alleged harms.

Fourth, Sefa cannot assert a private right of action under any of the federal criminal statutes on which he bases claims for relief. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Lastly, he cannot assert a claim under 15 U.S.C. § 57b, which applies to civil actions by the Federal Trade Commission for violations of rules and cease and desist orders respecting unfair or deceptive acts or practices. *See Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission.").

The district court's judgment is affirmed.