*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OWEN R. SCHROEDER and ANGELA RAE
JONES,

Plaintiffs-Appellants,

v

COUNTY OF MUSKEGON DHS, also known as
DEPARTMENT OF HEALTH AND HUMAN
SERVICES, TIA RYMAL, LINDSEY
LASSANSKE, KATHY SHOLTE, also known as
KATHY SHOLTY, AND BRIAN CHARRON,

Defendants-Appellees.

UNPUBLISHED
March 23, 2023

No. 360472
Muskegon Circuit Court
LC No. 2021-004341-CZ

Before: K. F. KELLY, P.J., and BOONSTRA and REDFORD, JJ.

PER CURIAM.

Plaintiffs, Owen R. Schroeder and Angela Rae Jones, appeal as of right the trial court's order granting defendants, the Department of Health and Human Services (DHHS), Tia Rymal, Lindsey Lassanske, Kathy Sholte, and Brian Charron summary disposition of plaintiff's libel action under MCR 2.116(C)(7) and (8) because defendants were immune from liability, the claim was time-barred, and plaintiffs failed to state a claim. We affirm.

## I. FACTUAL BACKGROUND

Schroeder is Jones's father. Jones had her parental rights to five children terminated. Plaintiffs' libel claim arose from events that occurred at the end of Jones's termination of parental-rights proceedings. During one of Jones's parenting-time visits in October 2019, Rymal, a DHHS caseworker on Jones's case, observed Schroeder exhibit what she considered inappropriate behavior and Jones failed to intervene. Following the visit, Rymal changed the location of remaining visits to the DHHS office. At the end of October 2019, on the last day of Jones's parental-rights termination trial, Rymal explained to the trial court that she moved the remaining visits, in part, because of Schroeder's behavior during the visit which to the court she characterized

-1-

as threatening. Rymal included information about Schroeder's behavior in Jones's case service plan which was published on November 26, 2019.

After the termination of her parental rights, Jones made multiple requests for documents associated with her case for over 16 months, including the case service plan, but received only one unrequested report. In March 2021, Lassanske, one of Rymal's supervisors, provided Jones with the requested documents including the case service plan. In July 2021, Schroeder e-mailed defendants about statements contained in the case service plan that he believed were false. In a reply, defendants explained that they could not retract the specified statements from the case service plan.

In October 2021, plaintiffs filed a complaint alleging that defendants libeled Schroeder in the case service plan. In November 2021, defendants moved for summary disposition under MCR 2.116(C)(7) and (8). After a hearing on the motion, the trial court entered an order granting summary disposition for defendants. Plaintiffs now appeal.

## II. STANDARD OF REVIEW

We review a trial court's decision on a motion for summary dispositions de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Review of a motion for summary disposition brought under MCR 2.116(C)(7) requires us to consider "all documentary evidence and accept[s] the complaint as factually accurate unless affidavits or other documents presented specifically contradict it." *Shay v Aldrich*, 487 Mich 648, 656; 790 NW2d 629 (2010). "The applicability of governmental immunity is a question of law that is reviewed de novo on appeal." *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004). We review de novo the trial court's interpretation and application of a statute. *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010). When a claim is barred because of immunity granted by law, summary disposition is properly granted under MCR 2.116(C)(7). *Hannay v Dep't of Transp*, 497 Mich 45, 58; 860 NW2d 67 (2014). We also review de novo whether a claim is barred by a statute of limitations and a trial court's interpretation and application of the limitations period. *Stephens v Worden Ins Agency*, *LLC*, 307 Mich App 220, 227-228; 859 NW2d 723 (2014). A motion for summary disposition based on a statute of limitations is properly brought under MCR 2.116(C)(7). *Nucolovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010).

## III. ANALYSIS

## A. GOVERNMENTAL IMMUNITY

Plaintiffs argue that the trial court erred by granting summary disposition under MCR 2.116(C)(7) on government immunity grounds because the DHHS engaged in an ultra vires act by not making the case service plan available upon request. We disagree.

Aside from certain exceptions, none of which plaintiffs argue apply, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). A "governmental function" is "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(b). The determination whether an activity qualifies

as a governmental function must focus on the "general activity involved rather than the specific conduct engaged in when the alleged injury occurred." *Ward v Mich State Univ (On Remand)*, 287 Mich App 76, 84; 782 NW2d 514 (2010).

Under MCL 712A.18f(2) and (3), in the course of a termination-of-parental-rights case, the DHHS must prepare a case service plan that provides the trial court with information "for placing the child in the most family-like setting available and in as close proximity to the child's parents' home as is consistent with the child's best interests and special needs." In this case, the creation and revision of the case service plan for the investigation and provision of information concerning the children and the family for Jones's termination-of-parental-rights case constituted general activity in which the DHHS is engaged. See MCL 712A.18f(4) and (5). Construing the term "governmental function" broadly, as this Court must do, *Maskery v Bd of Regents of Univ of Mich*, 468 Mich 609, 614; 664 NW2d 165 (2003), we conclude that the Probate Code expressly mandated and authorized this activity. See MCL 712.18f. The DHHS engaged in a governmental function by creating and revising the case service plan. Accordingly, the DHHS was entitled to governmental immunity under MCL 691.1407(1).

Plaintiffs argue that Rymal, Lassanske, Sholte, and Charron were not entitled to summary disposition of their claims under MCR 2.116(C)(7) because they engaged in ultra vires acts. We disagree.

A caseworker or supervisor with the DHHS is immune from tort liability if engaged in the initiation and monitoring of court-supervised child placement proceedings. *Martin v Children's Aid Society*, 215 Mich App 88, 93, 97; 544 NW2d 651 (1996). This Court first recognized absolute immunity from tort liability for social workers who initiated and monitored court-supervised child placement proceedings in *Martin*. More recently, this Court explained that "[s]ocial workers are granted absolute immunity from civil litigation arising out of their work as 'advisors and agents' of the" family division of the circuit court because "without the threat of civil litigation, social workers have more freedom to honestly assess a particular situation" in court-supervised child placement proceedings. *Beauford v Lewis*, 269 Mich App 295, 300; 711 NW2d 783 (2005). Indeed, such workers are entitled to absolute immunity for "initiating and monitoring child placement proceedings" to ensure that the caseworkers can make the discretionary decisions that they believe are in the children's best interests without fear of litigation. *Spikes v Banks*, 231 Mich App 341, 346-347; 586 NW2d 106 (1998); *Martin*, 215 Mich App at 95-98.

In this case, it is undisputed that plaintiffs' libel claim originated from a child protection proceeding involving the termination of Jones's parental rights during which the trial court oversaw Jones's case and reviewed the case service plan for Rymal's findings and recommendations. Rymal, a caseworker, Lassanske and Sholte, Rymal's supervisors, and Charron, their manager, were assigned by the DHHS to investigate Jones's conduct with her children that resulted in the initiation of a termination proceeding against Jones, which involved monitoring of the children's well-being and Jones's progress, and the determination whether termination of Jones's parental rights served the children's best interests. These defendants engaged in governmental functions and were entitled to immunity granted by law.

B.  STATUTE OF LIMITATIONS

Plaintiffs argue that the trial court erred by ruling their claim time-barred under the applicable statute of limitations.  We disagree.

Under MCL 600.5805(1), "[A] person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within" the applicable period of limitations.  "The period of limitations is 1 year for an action charging libel or slander." MCL 600.5805(11).  A claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results."  MCL 600.5827.  An action for libel accrues from the date of publication of the libelous statement. *Redmond v Heller*, 332 Mich App 415, 433; 957 NW2d 357 (2020).  The record reflects that plaintiffs based their libel claim on statements published on or about November 26, 2019.  Plaintiffs, however, did not file their complaint until October 11, 2021.  Their libel claim, therefore, was time-barred by MCL 600.5805(11).

Plaintiffs contend that the one-year limitations period for their libel claims was tolled because of fraudulent concealment.  Fraudulent concealment may toll the running of a statute of limitations. *Doe v Roman Catholic Archbishop*, 264 Mich App 632, 642; 692 NW2d 398 (2004). MCL 600.5855, the fraudulent concealment statute, provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

To establish fraudulent concealment, a plaintiff must show an affirmative act or misrepresentation on the defendant's part designed to conceal the existence of the claim or the identity of a potential defendant. *Doe*, 264 Mich App at 642-643.  A plaintiff must "plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Id.* at 643 (quotation marks and citation omitted).  "Mere silence is insufficient." *Sills v Oakland Gen Hosp*, 220 Mich App 303, 310; 559 NW2d 348 (1996).  "If there is a known cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, and in this behalf a party will be held to know what he ought to know . . . ." *Weast v Duffie*, 272 Mich 534, 539; 262 NW 401 (1935) (quotation marks and citation omitted).  In other words, "[i]f liability were discoverable from the outset, then MCL 600.5855 will not toll the applicable period of limitations." *Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 48; 698 NW2d 900 (2005).

Plaintiffs contend that defendants' failure to comply with multiple requests for production of documents to which they were entitled precluded defendants from asserting the period of limitations as a legitimate defense.  The record indicates that, as of October 2019, plaintiffs suspected that a libel claim existed because they believed Rymal provided false testimony to the trial court and that the information would be reported in the case service plan.  Plaintiffs argue,

however, that they only discovered the claim after obtaining the case service plan in March 2021. Plaintiffs contend that defendants intentionally withheld the case service plan which permitted them to invoke the statutory remedy available for fraudulent concealment under MCL 600.5855. We disagree.

MCL 600.5855 requires focusing on whether defendants "fraudulently conceal[ed] the existence of [a] claim . . . from the knowledge of" plaintiffs. For plaintiffs' theory to be viable, there must be evidence that defendants did not provide the case service plan to plaintiffs to conceal the existence of the libel claim from them. This proposition necessarily fails because plaintiffs admitted that they suspected a libel claim as early as October 2019. Plaintiffs have failed to prove that defendants concealed plaintiffs' cause of action or withheld information to induce plaintiffs to refrain from filing a complaint or caused plaintiffs to be unaware that a cause of action might exist. Even if they were not completely confident about the suspected libel claim, plaintiffs could have filed a complaint against defendants within the one-year limitations period. Plaintiffs' claim, therefore, was time-barred because they presented no evidence that defendants acted to affirmatively conceal or misrepresent the nature or existence of plaintiffs' cause of action.

## C. FAILURE TO STATE A CLAIM

Plaintiffs argue that the trial court erred by finding that, consistent with MCR 2.116(C)(8), they failed to state a claim on which relief could be granted. We disagree.

A motion under MCR 2.116(C)(8) tests the legal sufficiency of a complaint on the pleadings alone and summary disposition is appropriate when a party has failed to state a claim on which relief can be granted. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A court should grant a motion under MCR 2.116(C)(8) only when the claims alleged are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id.* (quotation marks and citation omitted).

The elements of libel are:

1) a false and defamatory statement concerning the plaintiff, 2) an unprivileged communication to a third party, 3) fault amounting to at least negligence on the part of the publisher, and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication. [*Collins v Detroit Free Press, Inc*, 245 Mich App 27, 32; 627 NW2d 5 (2001) (citation omitted).]

A claim of libel must be pleaded with specificity. *Royal Palace Homes, Inc v Channel 7 of Detroit, Inc*, 197 Mich App 48, 52; 495 NW2d 392 (1992). A complaint in a libel action must specifically identify the statements that the plaintiff considers to be materially false and defamatory. *Id.* at 52-53.

Although plaintiffs admit that they failed to specifically identify the statements they considered to be defamatory in their complaint, plaintiffs argue that they did not fail to properly plead their claim because they sent an e-mail which listed the allegedly defamatory statement to

defendants approximately three months before they filed their complaint. We disagree because this Court has held that the *complaint* must specifically plead the allegedly false and defamatory words or statements. *Id*. Plaintiffs' complaint failed to do so. Accordingly, the trial court did not err by dismissing it.

## IV. CONCLUSION

The trial court properly granted defendants summary disposition under MCR 2.116(C)(7) because the DHHS was entitled to governmental immunity under MCL 691.1407(1), and Rymal, Lassanske, Sholte, and Charron were entitled to absolute immunity pursuant to *Martin.* The trial court also did not err by granting summary disposition to defendants under MCR 2.116(C)(7) because tolling under the fraudulent concealment exception under MCL 600.5855 did not apply and plaintiffs' claim was time-barred by their failure to file their complaint within the applicable one-year statute of limitations under MCL 600.5805(11). Further, the trial court did not err by granting summary disposition to defendants under MCR 2.116(C)(8) because plaintiffs' complaint failed to properly plead a claim on which relief can be granted.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra
/s/ James Robert Redford