**Larry FORD, Plaintiff–Appellant,**

v.

**L. HARVEY, et al., Defendants–Appellees.**

No. 04–1210.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

Larry Ford, East Lake, MI, pro se.

Before KENNEDY, SUTTON, and COOK, Circuit Judges.

### ORDER

Larry Ford, a Michigan state prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Ford has filed a motion for a preliminary injunction and temporary restraining order. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ford presently is incarcerated at the Oaks Correctional Facility (ECF). The actions of which he complains occurred while he was housed at ECF and while he resided at Bellamy Creek Correctional Facility (IBF). Ford sues the following IBC and ECF employees: IBC Resident Unit Manager (RUM) L. Harvey; IBC Lieutenant (Unknown) Livingston; IBC Inspector C. Welton; ECF Nurse (Unknown) Bookheimer; ECF Corrections Officers A. Brown, M. Page, C. Guzialwski, and M. Sage; ECF plumbing supervisor John O'Hara; ECF health care provider (Unknown) Shaffer; and ECF Warden David Gundy.

The factual allegations are adequately set forth in the district court's opinion and will not be repeated herein. Ford claims that he was deprived of his right to due process by his placement in segregation, his designation to a Security Threat Group, and his transfer to another prison, all without a hearing. Ford also makes various assertions that he is being poisoned by the defendants on the sole basis that he has experienced dizziness and difficulty breathing following certain meals, showers, drinks of water in his cell, and medical immunizations. Ford sought injunctive and monetary relief. The district court granted Ford's application to proceed in forma pauperis and subsequently dismissed his complaint as frivolous, and because he failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Ford's motion to amend the judgment was denied. This appeal followed.

We review de novo a district court order dismissing a suit for frivolity or failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). *Brown v. Bargery*, 207 F.3d 863, 866–67 (6th Cir.2000). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Claims lacking an arguable or rational basis in law include claims for

which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke,* 490 U.S. at 327–28. A determination of frivolousness in this context is subject to de novo review, with the district court given discretion to refuse to accept without question the truth of plaintiff's allegations that are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown,* 207 F.3d at 867.

■ Upon review, we conclude that the district court properly dismissed Ford's due process claim. To determine whether a liberty interest is implicated in a prison setting, the interest must be limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Generally, unless placement in disciplinary confinement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no interest to remain free of disciplinary confinement will be found in the case. *Id.* at 484. Without a protected liberty interest, Ford cannot successfully claim that his due process rights were violated because "process is not an end in itself." *Olim v. Wakinekona,* 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

■ Moreover, a prisoner does not have a constitutional right to placement in any particular prison, *id.* at 245, or in a particular security classification. *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). Ford's designation as a "Security Threat Group Member" is nothing more than a security classification used by the prison. Because Ford does not have a constitutional right to a particular security level or classification, he fails to state a claim.

■ Upon further review, we conclude that the district court did not err in dismissing Ford's poisoning claims. As pointed out by the district court, Ford's assertions are based on his own inference about his symptomatology. The fact that Ford experienced a reaction to a medical immunization or to a particular food would not create a reasonable inference of poisoning. Moreover, Ford's claim that he experienced medical reactions to the water supply would require an inference of virtual impossibility—that prison officers managed to put poison into the water supply in a manner and at a specific time so as to affect only Ford. Ford's allegations concerning food tampering are equally incredible, being specifically based on claims of tampering with the main food supply, not just with Ford's own meal. Thus, Ford's allegations are patently irrational and wholly incredible. *See Denton,* 504 U.S. at 33.

Accordingly, the motion for injunctive relief is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.