[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-------------------------------------------

No. 07-13125
Non-Argument Calendar

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00038-CV-1-MP-AK

JAMES HARMON, III,

Plaintiff-Appellant,

versus

JUDGE PETER D. WEBSTER,
EDWARD T. BARFIELD,
MARGUERITE DAVIS, Appellate Judge,
First District Court of Appeal,
EDWARD C. HILL, JR.,

Defendants-Appellees.

-------------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

-------------------------------------------------------------------

**(February 1, 2008)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant James Harmon, III, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against three judges of the Florida First District Court of Appeals and a prosecutor with the Florida State Attorney General's Office (collectively the "Defendants") for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1). The district court concluded that Harmon's complaint was barred by res judicata, and directed that the dismissal be classified as a second "strike" for purposes of 28 U.S.C. § 1915(g). No reversible error has been shown; we affirm.

Harmon, relying on Denton v. Hernandez, 112 S.Ct. 1728 (1992), argues that his previous section 1983 complaint against Defendants, filed in forma pauperis ("IFP"), was dismissed as frivolous under the court's discretionary power. Such a dismissal, he argues, is not "on the merits," and thus, does not have a res judicata effect on the filing of a later paid complaint against the same Defendants raising the same allegations.

We review de novo a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1), using the same standards that govern Fed.R.Civ.P. 12(b)(6) dismissals. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). We review a district court's application of res judicata

2

principles de novo. Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006).[1]

Res judicata will bar a later action if the following requirements are met: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. Jang v. United Tech. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000) (citation omitted).

Harmon previously filed a section 1983 complaint against the same Defendants alleging the identical claims about their acts in his criminal proceedings as the instant complaint. The district court dismissed this previous complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) because Defendants were entitled to absolute immunity. This prior dismissal satisfies the elements of res judicata. A court of competent jurisdiction rendered a final judgment on the merits, and the present complaint raises the same claims against the same parties. See Jang, 206 F.3d at 1149; see also NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) (a dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is an adjudication on the merits for res judicata purposes).

---

[1] In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

3

Harmon's reliance on <u>Denton</u> is misplaced. In <u>Denton</u>, the United States Supreme Court construed a prior version of the IFP statute, 28 U.S.C. § 1915(d), which granted district courts broad discretion in dismissing complaints as frivolous and allowed them to dismiss an IFP complaint "if satisfied that the action [was] frivolous or malicious." <u>Denton</u>, 112 S.Ct. at 1733-34. The Court explained that a section 1915(d) dismissal was not on the merits, but instead, was an exercise of the court's discretion under the IFP statute such that the dismissal did not prejudice the filing of a later paid complaint making the same allegations. <u>Id.</u> at 1734. But Harmon's previous complaint was not dismissed as frivolous pursuant to the discretionary power afforded by section 1915(d). Instead, it was dismissed for failure to state a claim under the mandatory language of section 1915(e)(2), which provides that a district court <u>shall</u> dismiss a case at any time if, among other things, it fails to state a claim upon which relief may be granted. <u>See</u> § 1915(e)(2)(B)(ii) (emphasis added); <u>see</u> <u>also</u> <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001) (noting changes made to the IFP statute by the Prison Litigation Reform Act, including mandatory dismissal and the addition of

4

dismissal for failure to state a claim).  So, Harmon's contention that the prior

dismissal was discretionary is incorrect, and <u>Denton</u> is not applicable here.[2]

Harmon also argues that it was error for the district court to assign him a

second "strike" under section 1915(g) because his prior section 1983 complaint

was dismissed as frivolous, and thus, was without prejudice.

We review a district court's determination of qualifying strikes under

section 1915(g) <u>de novo</u>.  <u>Rivera v. Allin</u>, 144 F.3d 719, 723 (11th Cir. 1998),

<u>abrogated in part on different grounds by</u> <u>Jones v. Bock</u>, 127 S.Ct. 910, 920-21

(2007).  Section 1915(g) provides the following rule:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Under the plain language of section 1915(g), both the prior and instant

dismissals qualify as "strikes" because both complaints were dismissed for failure

to state a claim under section 1915(e)(2)(B)(ii) and section 1915A(b)(1).  <u>See</u> §

---

[2]In its order dismissing the instant complaint, the district court indicated that the court's prior dismissal was discretionary.  This was incorrect because the prior complaint was dismissed under the mandatory language of the revised IFP statute.

1915(g). Harmon's argument that a discretionary determination of frivolity does not qualify as a "strike" is without consequence because, as noted, his prior complaint was dismissed for failure to state a claim under a mandatory provision, not as frivolous under a discretionary provision.

In sum, the district court correctly determined that Harmon's instant section 1983 complaint failed to state a claim upon which relief may be granted because it was barred by res judicata, and correctly classified this dismissal as a second "strike" for purposes of section 1915(g). Accordingly, we affirm the dismissal.

**AFFIRMED.**