**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0418n.06

**No. 15-4372**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TINA L. DAVIS, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jul 27, 2016 |
| v. | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| BUTLER COUNTY, OHIO; | ) | |
| SHERIFF RICHARD K. JONES; | ) | |
| DEPUTY HOLLANDSWORTH, | ) | **ON APPEAL FROM THE UNITED** |
| | ) | **STATES DISTRICT COURT FOR THE** |
| Defendants-Appellees, | ) | **SOUTHERN DISTRICT OF OHIO** |
| | ) | |
| and | ) | |
| | ) | |
| UNKNOWN FEMALE OFFICER, | ) | |
| and UNKNOWN OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |

**BEFORE:** CLAY, ROGERS, and McKEAGUE, Circuit Judges.

**CLAY, Circuit Judge.** On October 24, 2014, plaintiff Tina Davis, proceeding *in forma pauperis*, filed a civil rights complaint against the Butler County Sheriff, "Undercover Officer Hollingsworth," and the state of Ohio. Davis's complaint asserted claims for malicious prosecution, abuse of process, malice, and negligence based on the March 8, 2014 search of her house and her subsequent arrest and prosecution for drug trafficking and possession. Davis also filed a motion seeking the district court's assistance in obtaining counsel. A magistrate judge issued a report and recommendation urging that Davis' complaint be dismissed pursuant to 28 U.S.C. § 1915(e), and on December 8, 2014, the district court issued an order and judgment

adopting the report and recommendation, denying Davis' motion for assistance obtaining counsel, and dismissing her complaint. Davis did not appeal from this first judgment.

On May 21, 2015, Davis filed a second civil rights complaint, this time through counsel, against Butler County, Ohio, Butler County Sheriff Richard K. Jones, "Deputy Hollandsworth," "Unknown Female Officer," and "Unknown Officer." Davis' second complaint, like her first, arose from the March 8, 2014 search of her house, her subsequent arrest, and the trafficking and possession charges filed against her. Jones, Hollandsworth, and the county (collectively, "Defendants") filed motions for judgment on the pleadings, and Davis requested leave to amend her complaint. Rather than resolve the parties' pending motions, however, the district court issued an order and judgment *sua sponte* dismissing the complaint based on a finding that Davis' second suit was barred by the doctrine of res judicata. Davis timely appealed this dismissal. For the following reasons, we **AFFIRM** the judgment of the district court.

## BACKGROUND

### Factual Background

In her complaint, Davis alleges the following. At all relevant times for the purposes of this lawsuit, Davis owned a house in Hamilton, Ohio that was occupied by her three adult children. Davis herself resided elsewhere.

On March 8, 2014, Davis received a phone call from her daughter informing her that there were sheriff's deputies present at her house in Hamilton. After driving over to the house, Davis went inside and encountered defendant Hollandsworth.[1] Davis informed Hollandsworth that she owned the house but did not live there, and asked "what [was] going on." (R. 1, ¶ 9).

---

[1] Although Davis does not explicitly state as much, it appears from the record that the individual referred to as "Officer Hollingsworth" in her first lawsuit and "Deputy Hollandsworth" in her second lawsuit are the same person.

Hollandsworth handed Davis a search warrant, which she read in part before saying, "This is bull shit." (*Id.*). Angered by Davis' comment, Hollandsworth asked a female officer to search her, then handcuffed Davis and placed her in the back of a hot police cruiser for approximately 60 to 90 minutes before removing her handcuffs. Ultimately, Davis was placed in a different police cruiser and driven to the Butler County Sheriff's Department after drugs were found in her house.

Once at the sheriff's department, Davis was Mirandized before being interrogated for approximately two hours. Davis denied any knowledge of the drugs found in her house, but was allegedly told by Hollandsworth that she would be charged with drug-related offenses unless someone else came forward. Approximately five hours after arriving at the jail, Davis posted bond and was permitted to leave. Davis alleges that at some point during the March 8, 2014 search of her house (or her subsequent arrest), officers searched Davis' vehicle without her consent, took her cell phone out of the vehicle, and never returned it.

Davis was charged with "felony possession and felony trafficking" in the Hamilton Municipal Court. (*Id.* at ¶ 14). Although the trafficking charge was dismissed, the possession charge was bound over to a grand jury, which reduced the charge from a felony to a misdemeanor. After Davis and her attorney appeared before the court two or three times, the city prosecutor dismissed the misdemeanor possession charge against her, ostensibly due to Hollandsworth's failure to move forward with the case. In total, Davis paid $6,500 to the attorney who represented her in municipal court and $200 to have the trafficking and possession charges expunged from her record. Even though Davis' photograph was featured in the *Hamilton Journal* and on the Butler County Sheriff's website as an arrestee for drug possession, neither medium ever mentioned that the charges had been dropped.

**Procedural Background**

On October 24, 2014,[2] Davis filed her first lawsuit arising from the March 8, 2014 search, arrest, and criminal charges. The same day, a magistrate judge issued a report and recommendation opining that Davis' complaint, which was filed *in forma pauperis*, should be dismissed under 28 U.S.C. § 1915(e) for lack of jurisdiction and failure to state a claim upon which relief may be granted. After reviewing Davis' objections, the district court issued a judgment adopting the report and recommendation and dismissed Davis' complaint. Davis did not appeal.

On May 21, 2015, Davis filed her second lawsuit arising from the same events, this time through counsel. In October 2015, Davis moved for an extension of time to file an amended complaint, but later withdrew this request. Around the same time, Defendants moved for judgment on the pleadings, and Davis again requested additional time to amend her complaint. Before the district court had ruled on the aforementioned motions, Davis filed an amended complaint. Thereafter, the district court struck her amended complaint and denied leave to amend as futile. Davis again requested leave to amend.

On November 18, 2015, the district court issued an order and judgment *sua sponte* dismissing Davis' complaint as barred by the doctrine of res judicata. Davis timely appealed the dismissal of her second lawsuit to this Court.

**DISCUSSION**

**I.     Res Judicata**

We review a district court's application of res judicata *de novo*. *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 407 (6th Cir. 2016). "Under the doctrine of

---

[2] Although Davis submitted her complaint when she moved for leave to proceed *in forma pauperis* on October 14, 2014, her complaint was not accepted for filing until the motion was granted on October 24, 2014.

res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Id.* at 414 (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). For a claim to be barred by res judicata, there must be: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). Because it appears that the first element—a final decision on the merits—is lacking in this case, we find that the district court's *sua sponte* application of res judicata was dubious at best.

In *Denton v. Hernandez*, the Supreme Court held that dismissal under § 1915(e)[3] "is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute." 504 U.S. 25, 34 (1992). Accordingly, this type of dismissal "does not prejudice the filing of a *paid* complaint making the same allegations." *Id.* (emphasis added);[4] *see also Stephens v. Hayes*, 374 F. App'x 620, 622 (6th Cir. 2010) ("The dismissal of Plaintiffs' initial complaint under § 1915(e)(2) was not a dismissal on the merits; consequently, it arguably lacks res judicata effect except as to frivolousness determinations for future *in forma pauperis* petitions.").

---

[3] Although the *Denton* Court was actually analyzing the former § 1915(d), we have acknowledged that "§ 1915(e) is the product of the [Prison Litigation Reform Act's] revision and renumbering of former § 1915(d)," *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999), and other circuits have treated § 1915(d) and § 1915(e) interchangeably when describing *Denton*'s application. *See, e.g.*, *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205–06 (2d Cir. 2002); *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999).

[4] The Supreme Court left open the question of whether dismissal under § 1915(e) "could . . . have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions," *Denton*, 504 U.S. at 34, and several circuit courts have subsequently answered this question in the affirmative, *see Cieszkowska*, 295 F.3d at 206 (collecting cases from the Fourth, Fifth, Seventh, and Eighth Circuits). However, because Davis paid the filing fee upon bringing this second lawsuit, we do not have occasion to consider such circumstances.

Below, the district court relied on its prior dismissal of Davis' first complaint, which was filed *in forma pauperis*, in finding that Davis' second, paid complaint was barred by res judicata. In support of this result, the district court concluded that dismissal under § 1915(e) constituted an adjudication on the merits. However, as noted above, the Supreme Court has indicated that dismissal under § 1915(e) does *not* constitute a final decision on the merits where, as in this case, the plaintiff pays the court's filing fee when bringing her subsequent suit. *See Denton*, 504 U.S. at 34; *see also Stephens*, 374 F. App'x at 622 (stating that dismissal of a complaint under § 1915(e) does not constitute an adjudication on the merits with res judicata effect except, arguably, "as to frivolousness determinations for future *in forma pauperis* petitions"); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002) (describing § 1915(e) as § 1915(d)'s "materially identical successor" and stating that under either version of the statute, "the plaintiff [could] proceed by paying the filing fee"); *Cieszkowska*, 295 F.3d at 205–06 ("In *Denton*, the Supreme Court held that . . . a dismissal under § 1915(e) 'does not prejudice the filing of a paid complaint making the same allegations'"); *but see Harmon v. Webster*, 263 F. App'x 844, 845–46 (11th Cir. 2008) (holding that *Denton* does not control dismissals under § 1915(e) for failure to state a claim). "[Res judicata] only arise[s] where the prior decision was a final judgment on the merits." *Stephens*, 374 F. App'x at 622. Because the holding in *Denton* suggests that dismissal under § 1915(e) operates as an adjudication on the merits only as to future complaints filed *in forma pauperis*, a circumstance absent in this case, we have reason to doubt the soundness of the district court's conclusion that Davis' second, paid complaint was barred by res judicata.[5]

---

[5] One question raised by the transition from the former § 1915(d) to the current § 1915(e) is whether *Denton*'s holding applies to *in forma pauperis* complaints dismissed for failure to state a claim, like Davis', or only those complaints dismissed as frivolous. A second question is whether *Denton* applies to § 1915(e) at all, although

Nonetheless, "[e]ven where the district court relies on erroneous grounds in reaching its decision [to dismiss a case], we may affirm that decision 'on any ground supported by the record.'" *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 423 (6th Cir. 2016); *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 477 (6th Cir. 2010). Thus, we next examine whether Davis' second complaint should have been dismissed for failure to state a claim upon which relief may be granted.

## II.      Failure to State a Claim

### A.  Standard of Review

In determining whether a complaint should be dismissed for failure to state a claim, we use the "the same standards employed by the district court." *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012). Thus, we must construe Davis' complaint in the light most favorable to her, accept her well-pleaded allegations as true, and draw all reasonable inferences in her favor. *Saab Auto. AB v. Gen. Motors Co.*, 770 F.3d 436, 440 (6th Cir. 2014). "Although the complaint need not contain detailed factual allegations, Rule 8(a)(2) of the Federal Rules of Civil Procedure demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

this Court appears to have taken the position that it does. *See Ford v. Harvey*, 106 F. App'x 397, 398–99 (6th Cir. 2004). While the Second Circuit has treated § 1915(e)'s prongs governing frivolousness and failure to state a claim interchangeably, *Cieszkowska*, 295 F.3d at 205–06 (applying *Denton* to a case in which the complaint was dismissed for failure to state a claim), the Eleventh Circuit has taken the position that *Denton* is inapplicable to § 1915(e) because, unlike § 1915(d), the latter contains mandatory rather than discretionary language. *Harmon*, 263 F. App'x at 845–46. Because we find that Davis' complaint warranted dismissal in any event based on her failure to state a claim upon which relief may be granted, we decline to reach this issue today.

Davis brings nine causes of action, pursuant to 42 U.S.C. § 1983 and Ohio law, for: (1) unlawful seizure; (2) unlawful search of her vehicle; (3) false arrest; (4) false imprisonment; (5) retaliatory prosecution; (6) intentional infliction of emotional distress; (7) failure to train, instruct, and supervise; (8) "substantive due process"; and (9) "procedural due process." We address each of her claims in turn.

## B. Analysis

### 1. Unlawful Seizure

Davis' first cause of action, brought pursuant to § 1983, is for unlawful seizure in violation of the Fourth Amendment of the United States Constitution. Although she does not state as much, this claim appears to be based on her March 8, 2014 arrest for drug trafficking and possession. The trafficking charge was dismissed, but Davis was indicted for misdemeanor possession.

"The Fourth Amendment requires probable cause for searches and seizures," *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006), including warrantless arrests, *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007). Thus, "[i]n order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause." *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002). "[A]n indictment[,] 'fair upon its face, by a properly constituted grand jury[,]' *conclusively determines* that there was probable cause." *Bakos v. City of Olmsted Falls*, 73 F. App'x 152, 157 (6th Cir. 2003) (emphasis added) (quoting *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)). Because Davis' complaint alleges no facts suggesting that the indictment "was not fair on its face or [was] issued by an improperly constituted grand jury," her unlawful seizure claim must fail. *See id.* at 157.

## 2. Unlawful Search of Davis' Vehicle

Davis' second claim, also pursuant to § 1983, is based on the unlawful search of her vehicle. However, as noted in the brief filed by Jones and the county, nowhere in her complaint does Davis identify which officer—be it Jones, Hollandsworth, or one of the "unknown" officers—unlawfully searched her vehicle. "As a general rule, mere presence at the scene of a search, without a showing of direct responsibility for the action, will not subject an officer to liability." *Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 352 (6th Cir. 1984). Instead, an officer's individual liability under § 1983 must be assessed based on his or her own actions. *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). Because Davis' complaint contains no facts from which this Court may infer which officer searched her vehicle, § 1983 liability cannot attach.

## 3–4. False Arrest and False Imprisonment

Davis' third and fourth causes of action are for false arrest and false imprisonment in violation of Ohio law. Each of these claims is subject to a one-year statute of limitations that begins to run on the date of the individual's arrest. *Mayes v. Columbus*, 664 N.E.2d 1340, 1352 (Ohio Ct. App. 1995) ("'False arrest' includes false imprisonment; therefore, the one-year statute of limitations provided [under Ohio Rev. Code § 2305.11] applies.").

Although Davis was arrested on March 8, 2014, she did not file the instant complaint until May 21, 2015. Since this was more than a year after her arrest, her claims for false arrest and false imprisonment are barred by the statute of limitations. Further, her cursory references to equitable tolling, *see Reply Br.* at 4, 7, cannot save these claims because she has not alleged that Defendants made a misrepresentation "that was calculated to induce [her] to forego the right to sue." *See Lottridge v. Gahanna-Creekside Invs., LLC*, 36 N.E.3d 744, 752 (Ohio Ct. App. 2015).

### 5. Retaliatory Prosecution

For her fifth cause of action, Davis alleges that Defendants violated her rights under the First Amendment by engaging in retaliatory prosecution. "'[W]ant of probable cause must be alleged and proven' by a plaintiff bringing a § 1983 . . . suit for retaliatory prosecution." *Barnes v. Wright*, 449 F.3d 709, 719 (6th Cir. 2006) (quoting *Hartman v. Moore*, 547 U.S. 250, 252 (2006)). Because, as stated above, the indictment against Davis establishes that there was probable cause for her arrest and prosecution for misdemeanor drug possession, *see Bakos*, 73 F. App'x at 157–58, her retaliatory prosecution claim fails.

### 6. Intentional Infliction of Emotional Distress

Davis' sixth cause of action, brought under Ohio law, is for intentional infliction of emotional distress ("IIED").

> To establish a claim for [IIED], a plaintiff must prove the following elements: (1) the defendant intended to cause, or knew or should have known that his actions would result in[,] serious emotional distress; (2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community; (3) the defendant's actions proximately caused psychological injury to the plaintiff; and (4) the plaintiff suffered serious mental anguish of a nature no reasonable person could be expected to endure.

*Lombardo v. Mahoney*, No. 92608, 2009 WL 3649997, at *1 (Ohio Ct. App. Nov. 5, 2009) (citing *Ashcroft v. Mt. Sinai Med. Ctr.*, 588 N.E.2d 280, 284 (Ohio Ct. App. 1990)). Davis' IIED claim, which is based on her bare assertion that the conduct described in her complaint "constitute[d] intentional infliction of severe emotional distress, and was malicious, wanton, or reckless, shocking to the conscience or outrageous," (R2. 1, ¶ 33), epitomizes the type of conclusory statements that the Supreme Court has held subject a claim to dismissal. *See Iqbal*, 556 U.S. at 678. Accordingly, this claim fails.

### 7.  Failure to Train, Instruct, and Supervise

Davis' seventh cause of action is a § 1983 claim based on Defendants' alleged "breach of [the] duty to train, instruct, and supervise." (R. 1, ¶ 36).  In order to state a failure-to-train claim against the county, Davis must allege "prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation, quotation marks, and brackets omitted).  Because Davis alleges no facts indicating that the county knew of prior unconstitutional conduct on the part of its officers, her failure-to-train claim must fail as to the county. *See id.*  Relatedly, although Davis sued Jones and Hollandsworth in their official and individual capacities, her official-capacity claim fails for the same reason as her municipal liability claim. *See Essex v. Cty. of Livingston*, 518 F. App'x 351, 355 (6th Cir. 2013) ("[A]n official-capacity claim is merely another name for a claim against the municipality.").  Finally, Davis' individual-capacity claim fails because her complaint does include allegations indicating that Jones or Hollandsworth "implicitly authorized, approved, or knowingly acquiesced" in the offending officers' unconstitutional conduct.[6] *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008) (citation and quotation marks omitted).

### 8.  Substantive Due Process

Davis' eighth cause of action is styled as a § 1983 claim based on the denial of substantive due process.  However, "[w]here a particular [constitutional] Amendment provides an explicit textual source of constitutional protection against a particular sort of government

---

[6] Although Davis attempts to supplement (to some degree) her threadbare allegations in her reply brief, *see Reply Br.* at 8–9, "[t]he appropriate method for adding new factual allegations to a complaint is not via an appellate brief, but by filing an amended complaint." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006).  That being said, as explained below, Davis has waived any argument that the district court erred by denying leave to amend.

behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) (internal quotation marks omitted) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). As indicated above, it is the Fourth Amendment that governs the unlawful search and seizure claims set forth in Davis' complaint. Thus, her attempt to link her eighth cause of action to the more "scarce and open-ended guideposts" of the Fourteenth Amendment is unpersuasive. *See Albright*, 510 U.S. at 275 (citation and quotation marks omitted); *see also, e.g.*, *Choate's Air Conditioning & Heating, Inc. v. Light, Gas, Water Division of City of Memphis*, 16 F. App'x 323, 330 (6th Cir. 2001) (rejecting the plaintiff's attempt to "repackage[]" his takings claim under the Fifth Amendment as a substantive due process claim under the Fourteenth Amendment).

### 9. Procedural Due Process

Davis' ninth cause of action, also brought under § 1983, is for denial of procedural due process. "To establish a procedural due process claim, a plaintiff must show (1) the existence of a protected property interest at issue, (2) a deprivation of that protected property interest, and (3) that he or she was not afforded adequate procedures." *Paterek v. Vill. of Armada, Mich.*, 801 F.3d 630, 649 (6th Cir. 2015). Davis' complaint fails to identify the protected property interest she seeks to vindicate, describe the deprivation thereof in a way that permits the Court to parse it out from the other allegations in her complaint, or explain the procedural shortcomings that precipitated such deprivation. Accordingly, her procedural due process claim fails.

### III.   Leave to Amend

Finally, although the final page of Davis' opening brief requests that we reverse the district court's order denying her leave to amend her complaint, *Appellant's Br.* at 22, her brief

neither identifies the denial of leave to amend as an issue before us, *id.* at 1–2, nor offers any developed argumentation as to why the district court's decision—including its determination that granting leave to amend would be futile because Davis failed to state a claim upon which relief may be granted—was in error. Accordingly, this argument is waived. *See Barrett v. Detroit Heading, LLC*, 311 F. App'x 779, 796 (6th Cir. 2009) (finding waiver based on failure to include issue in "issues presented for review"); *Smoot v. United Transp. Union*, 246 F.3d 633, 647 (6th Cir. 2001) ("This Court deems issues presented in a perfunctory manner on appeal to have been waived.").

## IV.    Conclusion

Because Davis has failed to state a claim upon which relief may be granted, we **AFFIRM** the judgment of the district court.

ROGERS, Circuit Judge, concurring.  I concur and join all of the majority opinion except for Part I of the Discussion.